## IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:09-cv-1330 |
| SEAN NATHAN HEALY | ) ) | Judge Conner |
| Defendant, | ) ) | |
| and | ) ) | |
| SHALESE HEALY and SAND DOLLAR INVESTING PARTNERS, LLC, | ) ) ) | |
| Relief Defendants. | ) ) | |
| U.S. COMMODITY FUTURES TRADING COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:09-cv-1331 |
| SEAN NATHAN HEALY, | ) ) | Judge Conner |
| Defendant, | ) ) | |
| and | ) ) | |
| SHALESE HEALY and SAND DOLLAR INVESTING PARTNERS, LLC, | ) ) ) | |
| Relief Defendants. | ) ) | |

{00133683;v1}

**RECEIVER'S MOTION FOR AN ORDER ESTABLISHING
BIDDING PROCEDURES AND APPROVING SALE OF VEHICLES**

Pursuant to 28 U.S.C. § 2004, Melanie E. Damian, Esq., as the court-appointed receiver (the "Receiver") in the above-captioned actions, hereby files this Motion for an Order Establishing Bidding Procedures and Approving the Sale of Vehicles (the "Motion") including, eight luxury vehicles and a golf cart (collectively, the "Vehicles") listed on **Exhibit "A"** attached hereto, free and clear of all liens, claims, encumbrances and interests, and in support hereof states as follows:

## I. INTRODUCTION

1.    The Receiver has an imminent need to sell the Vehicles seized from the Estate of Sean Healy.  The Receiver has recovered eight luxury Vehicles, which are being stored, insured and maintained using funds of the receivership estate.  The cost of keeping the Vehicles is approximately $4,000 per month.[1]  Moreover, the Vehicles depreciate at a rapid rate and the Receiver has been informed by several auto dealers and other potential purchasers that their bids for the Vehicles will decrease as time passes. These luxury Vehicles require specialized maintenance and are at risk of

---

[1]  This amount will increase by approximately $3,500 per month beginning on January 1, 2010, when the Receiver is required to begin paying rent on the storage facility where the Vehicles are kept. Mr. Healy used investor funds to prepay the rent through December 31, 2009.

having mechanical problems if they continue to sit in storage. As such, the Receiver has been maintaining these Vehicles by, among other things, having them started and driven at least twice per month. This requires the expenditure of substantial time of one of the Receiver's professionals and/or a mechanic, the purchasing of premium gas which these Vehicles require, and the adding of mileage to the Vehicles, the costs of which the Estate must bear.

2.    Therefore, the Receiver seeks court approval to sell these cars in the most efficient way possible for the highest and best offer in accordance with the bidding procedures set forth below.

## II.    STATEMENT OF PROCEDURAL HISTORY

3.    On July 13, 2009, Melanie E. Damian, Esq. was appointed Receiver over the assets of Defendant Sean Healy and certain assets of Relief Defendants Shalese Healy and Sand Dollar Investing Partners LLC ("Sand Dollar") in the above-captioned enforcement actions.[2]

---

[2] *The Temporary Restraining Order, Order Freezing Assets and Granting Other Relief, and Order to Show Cause* (the "SEC TRO") and the *Stipulation and Order Granting Preliminary Injunction, Freezing Assets and Other Relief* (the "SEC Preliminary Injunction"), extending the relief granted in the SEC TRO are available at SEC Action D.E. 12 and D.E. 21, respectively. The *Order Granting Plaintiff's Ex Parte Emergency Motion for Statutory Restraining Order, Expedited Discovery, Preliminary Injunction, and Other Equitable Relief* (the "CFTC TRO") and the *Consent Order of Preliminary Injunction and for Other Equitable Relief Against*

4.     Both the U.S. Securities and Exchange Commission ("SEC")

and the U.S. Commodity Futures Trading Commission ("CFTC") have

alleged in their respective Complaints that Defendants violated the Securities

Act, the Exchange Act and Rule 10b-5 thereunder and the Commodity

Exchange Act, defrauded investors out of nearly $20 million and

misappropriated those funds to purchase luxury real and personal property.

*See* SEC Complaint [SEC Action D.E. 1]; *see also* CFTC Complaint for

Injunctive and Other Equitable Relief [CFTC Action D.E. 1].

5.     The SEC TRO, CFTC TRO and Preliminary Injunctions grant

the Receiver the authority to take possession and title to the Vehicles and to

sell those Vehicles subject to this Court's approval.  Additional support for

the relief requested herein is set forth in the Brief in support of this Motion

filed concurrently herewith.

### III.     RELIEF REQUESTED

6.     In this Motion, the Receiver seeks entry of an Order, in the

form attached hereto as **Exhibit "B"** (i) granting this Motion; (ii) approving

the bidding procedures contained herein and the form of Notice of

Opportunity to Bid, attached hereto as **Exhibit "C"**; (iii) approving the sale

---

*Defendant Sean Healy* (the "CFTC Preliminary Injunction"), extending the
relief granted in the CFTC TRO, are available at CFTC Action D.E. 14 and
D.E. 19, respectively.  The TROs and Preliminary Injunctions will be
collectively referred to as the Preliminary Injunctions.

of the Vehicles in accordance with the terms and conditions of the Vehicle Sales Agreement, in the form attached as Exhibit C to the Notice of Opportunity to Bid; (iv) authorizing and approving the Receiver's Vehicle Sales Agreement and execution of all related title documents; (v) approving the sale of the Vehicles to the Successful Bidder(s), (as hereinafter defined) upon the Receiver's selection of the Successful Bidder(s) without further order of the Court; and (vi) vesting in the Successful Bidder(s) title to the Vehicles free and clear of all liens, claims, encumbrances and interests.

A.    **The Proposed Bidding Procedures**

7.    The Receiver's proposed bidding procedures, as provided herein and in the Notice of Opportunity to Bid (Exhibit C), (the "Bidding Procedures") recognize that, in order to maximize proceeds of the sale of the Vehicles, that the sale of such Vehicles must be subject to higher and better offers. The Bidding Procedures are intended to create an organized private sale encouraging and promoting serious and competitive bidding that will yield the highest and best offer. The offeror of the highest and best bid as determined in the sole discretion of the Receiver shall be named the successful bidder (the "Successful Bidder"). The Bidding Procedures will be applied to all potential bidders as described below.

8.    In order to participate in the bidding process, a potential bidder

must provide to the Receiver: (1) an affidavit of non-affiliation with the Defendant, Relief Defendants and any subsidiaries, affiliates, relatives, agents, employees and any other related entity or person thereof; and (2) financial statements, evidence of a line of credit or other evidence demonstrating an ability to consummate the proposed transaction, in cash, to the satisfaction of the Receiver. Potential bidders may seek to schedule an inspection of the Vehicles at the Receiver's discretion before they submit their affidavit and financial documents to the Receiver. Within 2 business days after such materials have been provided to the Receiver, the Receiver shall advise the potential bidder whether or not it is a qualified bidder ("Qualified Bidder"), and shall provide such Qualified Bidder with the bidding package including, the Notice of Opportunity to Bid and a Vehicle Sales Agreement.

9.    Based on her market research, the Receiver will set a reserve price (the "Reserve Price") for each of the Vehicles to be sold and such Reserve Price will be provided to each Qualified Bidder prior to the commencement of the auction. The Reserve Price is the minimum price for which each of the Vehicles will be sold. The Reserve Price will be set at an amount equal to or greater than two-thirds of the fair market value for each Vehicle. The fair market value will be determined by the Receiver using

information received from luxury vehicle dealers and experts, the dealers and part suppliers that sold the Vehicles, upgrades and/or parts to the Healys, and Kelly Blue Book, Edmunds.com, The Dupont Registry, The AutoTrader, and various other luxury vehicle websites, trade periodicals and databases. If no Qualified Bidder submits a bid equal to or greater than the Reserve Price of a particular Vehicle, then that Vehicle will not be sold at the auction proposed in this Motion, and, thereafter, the Receiver may continue to market such Vehicle and sell it to any purchaser who will pay an amount equal to or greater than the Reserve Price set at the auction, as acceptable to the Receiver.

10.    Qualified Bidders may, in the presence of and in accordance with the availability of the Receiver or her agent, conduct due diligence, including an inspection of the Vehicles, at the warehouse where the vehicles are being stored beginning one week prior to the auction.

11.    Qualified bidders must submit bids on the bid sheet (the "Bid Sheet"), a form of which is attached as Exhibit B to the Notice of Opportunity to Bid, at the auction to be held at the office of counsel for the Receiver, Damian & Valori LLP, 1000 Brickell Avenue, Suite 1020, Miami, Florida 33131 on a date to be determined if the relief requested herein is granted. Each Qualified bidder or an authorized representative must be

present at the auction in order to bid.

12.   A bid must state that (i) the Qualified Bidder offers to purchase the vehicle(s) listed on its Bid Sheet upon the terms and conditions set forth in the Vehicle Sales Agreement; and (ii) the Qualified Bidder's offer is irrevocable until 2 business days after the closing of the sale to the Successful Bidder. The bid must be accompanied by a cash deposit equal to ten percent (10%) of the Qualified Bidder's proposed purchase price and evidence of an unconditional commitment for financing or other evidence of financial ability to consummate the transaction within two days after confirmation of the sale by this Court, as acceptable to the Receiver. A Qualified Bidder's 10% deposit shall be held in trust by Damian & Valori LLP until no later than (i) two business days after the consummation of the sale(s) of the vehicle(s) for which that Qualified Bidder submitted a bid(s).

13.   A bid shall qualify as an overbid ("Overbid") if: (i) the bid is equal or greater than the Reserve Price for the particular Vehicle for which the bid is submitted (ii) the bid is all cash and does not contain any form of contingent consideration; (iii) the bid exceeds the next highest bid by $1,000; (iv) the bid is not subject to any due diligence contingency; and (v) the bid is accompanied by all information reasonably requested by the Receiver.

14.    At the auction, each Qualified Bidder will be permitted to bid and each Qualified Bidder shall be entitled to be present for all bidding. Bidding shall proceed in increments of one thousand U.S. dollars ($1,000) and shall be subject to all requirements of an Overbid. The auction shall continue until each participant has indicated its unwillingness to increase its bid further. Upon the conclusion of the auction, the Receiver will identify the Overbid that in her business judgment is the highest and best offer and name the Successful Bidder, and the Receiver will select the next highest and best offer and name the back-up bidder (the "Back-Up Bidder"). The Receiver shall then use best efforts to close the sale of each of the Vehicles with the Successful Bidder(s).

15.    If a Successful Bidder fails to timely consummate the sale of the Vehicle(s) pursuant to the terms and conditions set forth in the Vehicle Sales Agreement, and such failure is the result of breach by the Successful Bidder, the Successful Bidders 10% deposit shall be forfeited as liquidated damages to the Receiver and the Receiver reserves all rights to seek damages from such bidder. The Receiver will then be free to consummate the sale of the Vehicle(s) with the Back-up Bidder who will then be named the Successful Bidder.

16.    Pursuant to the Court entering the Order granting this Motion

(Exhibit C), the sales of the Vehicles free and clear of all liens, claims, encumbrances and interests to the Successful Bidder(s) will be approved upon the Receiver's selection of each Successful Bidder, without requiring further Court order and/or confirmation.

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I HEREBY CERTIFY that undersigned counsel for the Receiver has conferred with counsel for all parties to the above-referenced actions prior to filing this Motion. While the SEC and the CFTC consent to the relief requested herein, Defendants do not so consent.

WHEREFORE, the Receiver requests entry of an Order, in the form attached hereto as Exhibit B (i) granting this Motion; (ii) approving the bidding procedures contained herein and the form of Notice of Opportunity to Bid, attached hereto as Exhibit C; (iii) approving the sale of the vehicles in accordance with the terms and conditions of the Vehicle Sales Agreement, in the form attached as Exhibit C to the Notice of Opportunity to Bid; (iv) authorizing and approving the Receiver's Vehicle Sales Agreement and execution of all related title documents; (v) approving the sale of the Vehicles to the Successful Bidder(s), (as hereinafter defined) upon the Receiver's selection of the Successful Bidder(s) without further order of the Court; and (vi) vesting in the Successful Bidder(s) title to the Vehicles free

and clear of all liens, claims, encumbrances and interests.

Dated: September ___, 2009

Respectfully submitted,

DAMIAN & VALORI, LLP
*Counsel for Receiver*
*Melanie E. Damian, Esq.*
1000 Brickell Avenue
Suite 1020
Miami, Florida  33131
Phone:  305-371-3960
Fax:  305-371-3965
kmurena@dvllp.com
s/Kenneth D. Murena
Kenneth Dante Murena
Florida Bar No. 0147486

SEMANOFF ORMSBY
GREENBERG & TORCHIA, LLC

BY:_____
    STEPHEN C. GOLDBLUM, ESQ
    2617 Huntingdon Pike
    Huntingdon Valley, PA  19006
    (215) 887-0200 (Telephone)
    (215) 887-5356 (Facsimile)
    sgoldblum@sogtlaw.com
    Bar No. PA 83927
    *Counsel for Receiver*
    *Melanie E. Damian, Esq.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing have been sent by U.S. Mail, email, and/or facsimile to the addressees on the attached Service List, this 24 day of September, 2009.

s/Kenneth D. Murena
Kenneth Dante Murena
Florida Bar No. 0147486

# SERVICE LIST

Sand Dollar Investing Partners, LLC
2672 Riviera Manor
Weston, Florida 33332-3422
c/o United States Corporation Agents, Inc.
500 N. Rainbow Blvd., Ste. 300A
Las Vegas, Nevada 89107
*Relief Defendant*

Jeffrey L. Cox, Esq.
Email: jcox@sallahcox.com
SALLAH & COX, LLC
*Counsel for Defendant & Relief Defendants*
2101 Northwest Corporate Boulevard, Suite 218
Boca Raton, Florida  33431
Telephone:  561.989.9080
Facsimile:   561.989.9020

Frederick L. Block, Esq.
   Email:  blockf@sec.gov
Patrick Feeney, Esq.
   Email: feeneyp@sec.gov
U.S. Securities & Exchange Commission
100 F. Street, NW
Washington, D.C.  20549-6030
Telephone: 202.551.4919
Facsimile:   202.772.9245

Charles D. Marvine, Esq.
   Email: cmarvine@cftc.gov
Braden M. Perry, Esq.
   Email: bperry@cftc.gov
US Commodity Futures Trading Commission
Two Emanuel Cleaver II Blvd., # 300
Kansas City , Missouri  64112
Telephone: 816.960.7743
Facsimile:   816.960.7750

{00133683;v1}