**EXHIBIT C**

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. SECURITIES AND<br>EXCHANGE COMMISSION,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>SEAN NATHAN HEALY<br><br>　　Defendant,<br><br>　　and<br><br>SHALESE HEALY and<br>SAND DOLLAR INVESTING PARTNERS<br>LLC<br><br>　　　　　　　　Relief Defendants. | Case No. 1:09-cv-1330<br><br>Judge Conner |
| U.S. COMMODITY FUTURES<br>TRADING COMMISSION,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>SEAN NATHAN HEALY<br><br>　　Defendant,<br><br>　　and<br><br>SHALESE HEALY and<br>SAND DOLLAR INVESTING PARTNERS<br>LLC<br><br>　　　　　　　　Relief Defendants. | Case No. 1:09-cv-1331<br><br>Judge Conner |

{00133687;v1}

## NOTICE OF OPPORTUNITY TO BID

NOTICE IS HEREBY GIVEN THAT:

1. On July 13, 2009, Melanie E. Damian, Esq. was appointed Receiver over the assets of Defendant Sean Healy and certain assets of Relief Defendants Shalese Healy and Sand Dollar Investing Partners LLC ("Sand Dollar") in the above-captioned enforcement actions.[1]

2. On September ___, 2009, the Receiver filed the Motion for an Order Establishing Bidding Procedures and Approving the Sale of Assets (the "Motion") including, eight luxury vehicles and a golf cart (the "Vehicles") listed on **Exhibit "A"** hereto, free and clear of all liens, claims, encumbrances and interests.

3. On September ___, 2009, the Court entered an Order granting the Motion (the "Sale Order").

4. Accordingly, the Receiver is seeking bidders to purchase the Vehicles in accordance with the following bidding procedures:

## BIDDING PROCEDURES

5. The Receiver's bidding procedures, as provided herein (the "Bidding Procedures") recognize that, in order to maximize the proceeds of the sales of the Vehicles to be sold, that the sale of such Vehicles must be subject to higher and better offers. The Bidding Procedures are intended to create an organized private sale

---

[1] *The Temporary Restraining Order, Order Freezing Assets and Granting Other Relief, and Order to Show Cause* (the "SEC TRO") and the *Stipulation and Order Granting Preliminary Injunction, Freezing Assets and Other Relief* (the "SEC Preliminary Injunction"), extending the relief granted in the SEC TRO are available at SEC Action D.E. 12 and D.E. 21, respectively. The *Order Granting Plaintiff's Ex Parte Emergency Motion for Statutory Restraining Order, Expedited Discovery, Preliminary Injunction, and Other Equitable Relief* (the "CFTC TRO") and the *Consent Order of Preliminary Injunction and for Other Equitable Relief Against Defendant Sean Healy* (the "CFTC Preliminary Injunction"), extending the relief granted in the CFTC TRO, are available at CFTC Action D.E. 14 and D.E. 19, respectively. The TROs and Preliminary Injunctions will be collectively referred to as the Preliminary Injunctions.

encouraging and promoting serious and competitive bidding that will yield the highest and best offer. The offeror of the highest and best bid, as determined in the sole discretion of the Receiver, shall be named the successful bidder (the "Successful Bidder"). The Bidding Procedures will be applied to all potential bidders as described below.

6. In order to participate in the bidding process, a potential bidder must provide to the Receiver: (1) an affidavit of non-affiliation with the Defendant, Relief Defendants and any subsidiaries, affiliates, relatives, agents, employees and any other related entity or person thereof; and (2) financial statements, evidence of a line of credit or other evidence demonstrating an ability to consummate the proposed transaction, in cash, to the satisfaction of the Receiver. Within 2 business days after such materials have been provided to the Receiver, the Receiver shall advise the potential bidder if it is a qualified bidder ("Qualified Bidder"), and shall provide such Qualified Bidder with the bidding package including, this Notice of Opportunity to Bid and Vehicle Sales Agreement.

7. Based on her market research, the Receiver will set a reserve price (the "Reserve Price") for each of the Vehicles to be sold and such Reserve Price will be provided to each Qualified Bidder prior to the commencement of the auction. The Reserve Price is the minimum price for which each of the Vehicles will be sold. The Reserve Price will be set at an amount equal to or greater than two-thirds of the fair market value for each Vehicle. The fair market value will be determined by the Receiver using information received from luxury vehicle dealers and experts, dealers and part suppliers that sold the Vehicles, upgrades and/or parts to the Healys, and Kelly Blue

Book, Dupont Registry, Edmunds.com and various other luxury vehicle trade periodicals. If no Qualified Bidder submits a bid equal to or greater than the reserve price of a particular Vehicle, then that Vehicle will not be sold at the auction proposed discussed herein.

8. Qualified Bidders may, in the presence of and in accordance with the availability of the Receiver or her agent, conduct due diligence, including an inspection of the Vehicles, at the warehouse where the vehicles are being stored beginning one week prior to the auction.

9. Qualified bidders must submit bids on the bid sheet (the "Bid Sheet"), attached hereto as **Exhibit "B"**, at the auction to be held at the office of counsel for the Receiver, Damian & Valori LLP, 1000 Brickell Avenue, Suite 1020, Miami, Florida 33131 on _____, 2009 at _____p.m. Each Qualified bidder or an authorized representative must be present at the auction in order to bid.

10. A bid must state that (i) the Qualified Bidder offers to purchase the vehicle(s) listed on its Bid Sheet upon the terms and conditions set forth in the Vehicle Sales Agreement; and (ii) the Qualified Bidder's offer is irrevocable until 2 business days after the closing of the sale to the Successful Bidder. The bid must be accompanied by a cash deposit equal to ten percent (10%) of the Qualified Bidder's proposed purchase price and evidence of an unconditional commitment for financing or other evidence of financial ability to consummate the transaction within two days of confirmation of the sale by this Court, as acceptable to the Receiver. A Qualified Bidder's 10% deposit shall be held in trust by Damian & Valori LLP until no later than (i) two business days after the consummation of the sale(s) of the vehicle(s) for which that Qualified Bidder

{00133687;v1}

submitted a bid(s).

11. A bid shall qualify as an overbid ("Overbid") if: (i) the bid is equal or greater than the Reserve Price for the particular Vehicle for which the bid is submitted (ii) the bid is all cash and does not contain any form of contingent consideration; (iii) the bid exceeds the next highest bid by $1,000; (iv) the bid is not subject to any due diligence contingency; and (v) the bid is accompanied by all information reasonably requested by the Receiver.

12. At the auction, each Qualified Bidder will be permitted to bid and each Qualified Bidder shall be entitled to be present for all bidding. Bidding shall proceed in increments of one thousand U.S. dollars ($1,000) and shall be subject to all requirements of an Overbid. The auction shall continue until each participant has indicated its unwillingness to increase its bid further. Upon the conclusion of the auction, the Receiver will identify the Overbid that in her business judgment is the highest and best offer and name the Successful Bidder, and the Receiver will select the next highest and best offer and name the back-up bidder (the "Back-Up Bidder"). The Receiver shall then use best efforts to close the sale of each of the Vehicles with the Successful Bidder(s).

13. If a Successful Bidder fails to timely consummate the sale of the Vehicle(s), pursuant to the terms and conditions of the Vehicle Sales Agreement, in the form attached hereto as **Exhibit "C"**, and such failure is the result of breach by the Successful Bidder, the Successful Bidders 10% deposit shall be forfeited as liquidated damages to the Receiver and the Receiver reserves all rights to seek damages from such bidder. The Receiver will then be free to consummate the sale of the Vehicle(s) with the Back-up Bidder who will then be named the Successful Bidder.

14. Pursuant to the Court entering the Sale Order, the sales of the Vehicles free and clear of all liens, claims, encumbrances and interests to the Successful Bidder(s) will be approved upon the Receiver's selection of each Successful Bidder, without requiring further Court order and/or confirmation.

15. The District Court for the Middle District of Pennsylvania wherein the SEC and CFTC Action are both pending shall retain exclusive jurisdiction to hear all matters arising from or relating to the implementation of the Bidding Procedures and the Sale Order.

Dated: September ___, 2009

                                                   _____
Melanie E. Damian, Receiver of
The Estate of Sean Nathan Healy
Florida Bar No. 0147486

DAMIAN & VALORI, LLP
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Phone: 305-371-3960
Fax: 305-371-3965
mdamian@dvllp.com

## **EXHIBIT A**

| Year & Make | Model, Color & Mileage | VIN |
|---|---|---|
| 2007 Lincoln | Black Town Car Stretch Limousine 10,481 miles | 1L1FM88W977632915 |
| 2006 Lamborghini | Yellow Murcielago Spyder (Convertible) 2,481 miles | ZHWBU26S46LA01879 |
| 2008 Lamborghini | Silver/Pink Gallardo Spyder (Convertible) 1,306 miles | ZHWGU22T58LA06581 |
| 1991 Porsche | Black 911 Turbo 75,257 miles | WPOAA2965MS480129 |
| 2003 Porsche | Black 911 Turbo 26,032 miles | WP0AB29983S686390 |
| 2007 Ferrari | Red F430 Spyder (Convertible) 2,991 miles | ZFFEW59A570154292 |
| 2007 Bentley | Black Continental GT Convertible 5,085 miles | SCBDR33W57C050378 |
| 2009 Chevrolet | Black C1500 Suburban (9 miles as of 1/27/09) | 1GNFC36J99J125824 |
| Golf Cart | Metallic Burnt Orange "Hummer" design Golf Cart | |

## **EXHIBIT B**

## **BID SHEET**

| Year & Make | Model, Color & Mileage | VIN | Bid Amount |
|---|---|---|---|
| 2007 Lincoln | Black Town Car Stretch Limousine 10,481 miles | 1L1FM88W977632915 | |
| 2006 Lamborghini | Yellow Murcielago Spyder (Convertible) 2,481 miles | ZHWBU26S46LA01879 | |
| 2008 Lamborghini | Silver/Pink Gallardo Spyder (Convertible) 1,306 miles | ZHWGU22T58LA06581 | |
| 1991 Porsche | Black 911 Turbo 75,257 miles | WPOAA2965MS480129 | |
| 2003 Porsche | Black 911 Turbo 26,032 miles | WP0AB29983S686390 | |
| 2007 Ferrari | Red F430 Spyder (Convertible) 2,991 miles | ZFFEW59A570154292 | |
| 2007 Bentley | Black Continental GT Convertible 5,085 miles | SCBDR33W57C050378 | |
| 2009 Chevrolet | Black C1500 Suburban (9 miles as of 1/27/09) | 1GNFC36J99J125824 | |
| Golf Cart | Metallic Burnt Orange "Hummer" design Golf Cart | | |
| | | | **Total Bid Amount:** |

_____, hereby submits its irrevocable bid(s) for the vehicles
[Insert name of Qualified Bidder]
listed above, together with a deposit in the amount of ten percent (10%) of the Total Bid Amount as required pursuant to the Notice of Opportunity to Bid. I understand that, in the event I am selected as the Successful Bidder, my deposit is non-refundable and I agree to purchase the Vehicle(s) upon the terms and conditions set forth in the Vehicle Sales Agreement attached as Exhibit C to the Notice of Opportunity to Bid.

**EXHIBIT C**

**VEHICLE SALES AGREEMENT**

THIS VEHICLE SALES AGREEMENT ("Agreement") is made as of _____, 2009 by and between Melanie E. Damian, as court-appointed Receiver ("Seller") in *Securities and Exchange Commission v. Healy*, Case No. 1:09-CV-1330 and *U.S. Commodity Futures Trading Commission v. Healy*, Case No. 1:09-CV-1331 and _____ ("Buyer") (collectively, the "Parties").

WHEREAS Seller has filed the Motion for an Order Establishing Bidding Procedures and Approving Sale of Assets in each of the above-referenced enforcement actions (the "Sale Motion"). [D.E. \_\_\_\_ and D.E. \_\_\_\_\_].

WHEREAS Seller has been authorized to enter into this Agreement in the Order Granting Receiver's Motion for an Order Establishing Bidding Procedures and Approving Sale of Vehicles (the "Sale Order"), which was entered in both of the above-referenced enforcement actions. [D.E. \_\_\_\_ and D.E. \_\_\_\_\_].

WHEREAS Buyer has been selected as the Successful Bidder, as defined in the Notice of Opportunity to Bid (the "Notice"), at the competitive bid process (the "Auction"), held at Damian & Valori, LLP on _____, 2009.

In consideration of the mutual covenants of the Parties set forth herein and for other good and valuable consideration, Seller and Buyer agree as follows:

**1. SALE AND PURCHASE OF VEHICLE**

**1.1** **Agreement to Sell and Buy**. Subject to the terms and conditions set forth in this Agreement, in the Notice, in the Sale Motion and in the Sale Order, Seller hereby agrees to sell, transfer, and deliver to Buyer and Buyer agrees to purchase the following vehicle(s):

| Year | Make | Model | Color | VIN No. |
|------|------|-------|-------|---------|
|      |      |       |       |         |

All of the above, together with the existing components, accessories, and equipment listed on **Exhibit "A"**, attached hereto, hereinafter known as the "Vehicle".

**1.2** **Purchase Price**. Buyer agrees to pay Seller the total purchase price of $_____ (_____U.S. Dollars) ("Purchase Price"), as follows:

   a) Simultaneously with the tendering of Buyer's bid, Buyer made a non-refundable deposit (the "Deposit") of 10% of the total Purchase Price in the amount of $_____ to the trust account of Damian & Valori, LLP.

b) On the Closing Date (as defined below), Buyer shall make payment to Seller by wire transfer of immediately available U.S. funds in the amount of the Purchase Price less the Deposit.

**1.3    Delivery of the Vehicle.**

a)    **Closing**. Closing shall occur on or before _____ 2009 ("the Closing Date") at Damian & Valori, LLP, 1000 Brickell Avenue, Suite 1020, Miami, Florida 33131. Delivery of the Vehicle from Weston, Florida, where it is being stored, (the "Warehouse") shall be at Buyer's sole expense.

b)    **Delivery Receipt**. At Closing, Buyer will provide Seller with a duly executed Delivery Receipt for the Vehicle in the form of **Exhibit "B"** attached hereto.

c)    **Bill of Sale**. Seller agrees to provide Buyer, at the Closing Date, as a contemporaneous condition to the payment of the Purchase Price, a duly executed Bill of Sale, substantially in the form of **Exhibit "C"**.

## 2. CONDITION OF VEHICLE

**2.1 Condition of Vehicle**. Subject to the pre-Auction inspection (the "Inspection"), the Vehicle shall be delivered "AS IS, WHERE IS," with all components, accessories, and equipment as described in Exhibit A to the Motion.

**2.2 Pre-Auction Inspection**. Upon selection of Buyer as a Qualified Bidder (as defined in the Notice), Buyer, at its sole cost and expense, shall be entitled to conduct the Inspection of the Vehicle at the Warehouse within 2 business days after the Auction.

## 3. WARRANTIES OF SELLER AND DISCLAIMER

**3.1 Warranties**. Seller warrants that at Closing, Seller shall provide Buyer physical title to the Vehicle and that, upon delivery of the Vehicle, the Vehicle will be free and clear of all liens, claims, and encumbrances whatsoever as set forth in the Sale Order. To the extent that any manufacturer's warranties or programs with respect to the Vehicle are assignable, Seller shall use reasonable efforts to assist Buyer to maintain continuity of such transferable warranties. Any costs, expenses or fees charged to transfer such assignable warranties or programs shall be at Buyer's sole cost and expense.

**3.2 Disclaimer**. THE VEHICLE SOLD HEREUNDER IS SOLD TO BUYER "AS IS, WHERE IS" AND EXCEPT AS TO THE WARRANTY OF TITLE DESCRIBED IN SECTION 3.1, IS WITHOUT ANY WARRANTY WHATSOEVER. THE REPRESENTATIONS SET FORTH HEREIN AS TO TITLE ARE EXCLUSIVE AND IN SUBSTITUTION FOR, AND BUYER HEREBY WAIVES, RELEASES AND RENOUNCES, ANY AND ALL OTHER WARRANTIES, OBLIGATIONS AND LIABILITIES, EXPRESS OR IMPLIED, OF THE SELLER AND ITS OFFICERS, AGENTS, DIRECTORS, AFFILIATES, EMPLOYEES AND ASSIGNS. BUYER

ALSO HEREBY WAIVES, RELEASES AND RENOUNCES ANY AND ALL RIGHTS, CLAIMS AND REMEDIES, EXPRESS OR IMPLIED, OF BUYER AND AGAINST THE SELLER AND ITS OFFICERS, AGENTS, DIRECTORS, AFFILIATES, EMPLOYEES AND ASSIGNS, ARISING BY LAW OR OTHERWISE, WITH RESPECT TO ANY NONCONFORMANCE OR DEFECT IN THE VEHICLE. WHETHER LATENT, PATENT, HIDDEN OR OTHERWISE UNDISCOVERABLE, INCLUDING BUT NOT LIMITED TO:

 (A) ANY WARRANTIES TO THE ROADWORTHINESS OR CONDITION OF THE VEHICLE;

 (B) ANY IMPLIED WARRANTY OF MERCHANTABILITY OF THE VEHICLE OR FITNESS OF THE EQUIPMENT FOR A PARTICULAR PURPOSE INCLUDING, WITHOUT LIMITATION, FOR RACING;

 (C) STRICT LIABILITY WITH RESPECT TO THE VEHICLE;

 (D) ANY IMPLIED WARRANTY WITH RESPECT TO THE VEHICLE ARISING FROM COURSE OF PERFORMANCE, COURSE OF DEALING OR USAGE OF TRADE;

 (E) ANY OBLIGATION, LIABILITY, RIGHT, CLAIM OR REMEDY IN TORT WITH RESPECT TO THE VEHICLE, OR ITS USE AND OPERATION, WHETHER OR NOT ARISING FROM THE ACTUAL OR IMPUTED NEGLIGENCE OF THE SELLER OR ITS OFFICERS, AGENTS, DIRECTORS, AFFILIATES, EMPLOYEES AND ASSIGNS; AND

 (F) ANY OBLIGATION, LIABILITY, RIGHT, CLAIM OR REMEDY FOR LOSS OF OR DAMAGE TO ANY TANGIBLE OR INTANGIBLE THING, FOR LOSS OF USE, REVENUE OR PROFIT, OR FOR ANY OTHER DIRECT, INDIRECT, INCIDENTAL OR CONSEQUENTIAL DAMAGES RELATING TO THE VEHICLE, ITS CONDITION, OR ITS USE AND OPERATION; IT BEING AGREED THAT NEITHER THE SELLER NOR ITS OFFICERS, AGENTS, DIRECTORS, AFFILIATES, EMPLOYEES SUCCESSORS OR ASSIGNS SHALL HAVE ANY RESPONSIBILITY OR LIABILITY WITH RESPECT TO ANY OF THE FOREGOING MATTERS AND THAT ALL RISKS OF ANY NATURE INCIDENT THERETO ARE TO BE BORNE BY BUYER.

**3.3 Records**. Seller will transfer to Buyer, at the time of the Vehicle delivery, all components, accessories, paperwork and other records that pertain to the operation and maintenance of the Vehicle that are in Seller's possession. Such records, if in Seller's possession, shall also be made available for Buyer's review at commencement of any inspection period.

### 4. RISK OF LOSS; DAMAGE TO THE VEHICLE

Title and risk of loss, destruction or damage of the Vehicle shall pass to Buyer at the earlier of the time of the full and complete payment of the Purchase Price or the Closing Date.

## 5. SPECIAL COVENANTS AND CONDITIONS

**5.1** **Taxes**. Buyer shall pay, and shall indemnify and hold Seller and its officers, agents, directors, affiliates, employees, and assigns harmless from, all sales, use, personal property, ad valorem, value added, stamp, interest equalization, income (other than taxes imposed on the income of Seller), or other similar taxes, fees, imposts, excises, levies, or other charge of any nature, together with any other taxes, which result from Buyer's purchase of the Vehicle or acceptance for purchase or as a result of Buyer's ownership or operation of the Vehicle after the Closing Date.

**5.2** **Failure or Delay in Performance**. Seller shall not be liable for any failure of or delay in delivery of the Vehicle for the period that such failure or delay is due to acts of God or the public enemy, civil war, insurrection or riots, fires, explosions or serious accidents, governmental priorities or allocation, strikes or labor dispute, terrorism or any cause beyond Seller's control. Seller agrees to notify Buyer promptly of the occurrence of any such cause. If such delay exceeds ninety (90) days, Buyer may terminate this Agreement and have its Deposit returned.

## 6. INDEMNIFICATION AND RELEASE

Buyer shall release and protect, indemnify and hold harmless Seller and its officers, agents, directors, affiliates, employees, and assigns from and all liabilities whatsoever including reasonable attorneys' fees which may arise out of the Inspection, or ownership, use or operation of the Vehicle by Buyer after the Closing Date. Buyer's obligations contained in this section shall survive the Closing Date.

## 7. MISCELLANEOUS

**7.1** **Modification, Amendments, and Assignments**. This Agreement shall not be modified, amended, or assigned by either party without the prior written consent of the other.

**7.2** **Governing Law and Enforcement**. This Agreement shall be construed in accordance with and its performance shall be governed by the laws of the State of Florida. The United States District Court for the Middle District of Pennsylvania, Harrisburg Division or the Circuit Court in Miami-Dade County shall have exclusive jurisdiction to hear and determine all claims, disputes, actions or suits which may arise hereunder.

**7.3** **Severability**. If any provision of this Agreement or the application thereof to any person or circumstance shall be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provision to other persons or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

**7.4** **Default**. If Buyer fails to accept the Vehicle when tendered in accordance with all the terms and conditions hereof, Seller shall be entitled to retain the Deposit in addition to any other remedies which may be available to Seller.

**7.5** **Attorney's Fees and Expenses**. In the event of the filing by either party of a lawsuit for any remedy available under or with respect to this Agreement, the prevailing party shall be entitled to reimbursement from the other party of its reasonable legal fees and expenses. Except as otherwise provided in this Agreement, each party shall pay its own expenses incurred in connection with the authorization, preparation, execution, and performance of this Agreement, including all fees and expenses of counsel, agents, and representatives.

**7.6** **Brokerage Commissions**. Each party represents and warrants to the other that it has employed no broker or finder in connection with this transaction and agrees to indemnify the other party against any claim therefor.

**7.7** **Execution in Counterparts**. This Agreement may be executed in counterparts and each counterpart shall be an original, and all counterparts together shall be one and the same. The provisions of this Agreement shall be binding and inure to the benefit of the parties and their respective successors and permitted assigns.

**7.8** **Additional Documents and Acts**. In connection with this Agreement, Buyer and Seller each shall, at the request of the other, execute and deliver such additional documents and instruments and perform such additional acts related to the delivery of such documents as may be reasonably necessary or appropriate to effectuate, carry out, and perform all of the terms, provisions, and conditions of this Agreement.

**7.9** **Notices**. All notices under this Agreement shall be in writing and shall be effective when actually delivered by facsimile transmission to the number below, or by overnight carrier to the addresses of the parties set forth above.

| Buyer | Seller |
|---|---|
| Fax Number: _____ | Fax Number: 305.371.3965 |
| Attn: | Attn: Melanie E. Damian as Receiver |
| | Damian & Valori, LLP |

**7.10** **Integration**. This Agreement and the Exhibits incorporated by reference constitute the entire agreement and understanding of the parties for the purchase and sale of the Vehicle and supersedes all prior and contemporaneous agreements, whether written or oral, between them for such purchase and sale.

**7.11** **Facsimile Signatures**. Facsimile transmission of any signed original document and retransmission of any signed facsimile transmission will be the same as delivery of an original. At the request of any party to this Agreement, the parties will confirm facsimile transmitted signatures by executing an original document.

Seller _____                               5                               Buyer _____

**IN WITNESS WHEREOF**, this Agreement has been executed by Buyer and Seller as of the Effective Date.

Buyer:

By: _____

Title:

Date: _____, 2009


Seller: Melanie E. Damian, as court-appointed Receiver

By: _____

Date:_____, 2009

EXHIBIT A

**Make and Model:**
Serial Number ___

Total Mileage: _____          Gross Weight: _____ lbs.

Engine:

COMPONENTS & ACCESSORIES:

ADDITIONAL EQUIPMENT:

MAINTENANCE:

EXTERIOR:

INTERIOR:

SPECIFICATIONS SUBJECT TO VERIFICATION UPON INSPECTION

Seller _____                              7                              Buyer _____

**EXHIBIT B**

**DELIVERY RECEIPT**

This Delivery Receipt is executed, as of the date set forth below, by _____ ("Buyer"), to Melanie E. Damian, as court-appointed Receiver ("Seller"), pursuant to the Vehicle Purchase Agreement between Seller and Buyer dated _____, 2009 ("Agreement").

      Buyer hereby states and confirms to Seller that Buyer has, at _____, on _____, 2009, at _____ a.m./p.m., in accordance with the provisions of the Agreement, accepted the following Vehicle: Year:_____ Make: _____ Model:_____ Color:_____ VIN:_____, including available maintenance manuals, wiring diagrams, checklists, paperwork and other records that pertain to the operation and maintenance of the Vehicle.

      IN WITNESS WHEREOF, Buyer has caused this instrument to be executed and delivered by its duly authorized officer at the date and time of delivery set forth above.

      Buyer:

      By: _____

      Name: _____

      Title: _____

      Date: _____

Seller _____

## EXHIBIT C

## VEHICLE BILL OF SALE

Melanie E. Damian, as court-appointed Receiver (the "Seller"), for and in consideration of the sum of one Dollar and other valuable consideration, does hereby deliver, convey, transfer, and sell to _____ (the "Buyer") all of Seller's right, title and interest in and to:

>one used _____, VIN \_\_\_\_, together with all existing components, accessories and equipment listed on <u>Exhibit A</u> attached to this Bill of Sale hereinafter known as the "Vehicle".

TO HAVE AND TO HOLD the same unto the Buyer, its successors and assigns, for its and their own use forever.

This Bill of Sale is delivered by the Seller to the Buyer in, and is governed by the laws of, the State of Florida.

IN WITNESS WHEREOF, the Seller has caused this instrument to be executed and delivered by its officer thereunto duly appointed this \_\_\_\_\_ day of _____, 2009

MELANIE E. DAMIAN, AS COURT-
APPOINTED RECEIVER FOR THE
ESTATE OF SEAN NATHAN HEALY


By: _____

Seller _____          9          Buyer _____