# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | : | CIVIL ACTION NO. 1:09-CV-1330 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| SEAN NATHAN HEALY, Defendant | : | |
| and | : | |
| SHALESE RANIA HEALY and SAND DOLLAR INVESTING PARTNERS, LLC, Relief Defendants | : | |

---

| | | |
|---|---|---|
| U.S. COMMODITY AND FUTURES TRADING COMMISSION, | : | CIVIL ACTION NO. 1:09-CV-1331 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| SEAN NATHAN HEALY, Defendant | : | |
| and | : | |
| SHALESE RANIA HEALY and SAND DOLLAR INVESTING PARTNERS, LLC, Relief Defendants | : | |

## **ORDER**

AND NOW, this 21st day of October, 2009, upon consideration of the motion to compel Tim Cash ("Cash") to disclose the identity and location of certain bank accounts (U.S. Securities and Exchange Commission v. Healy, Civ. A. No. 1:09-CV-1330 (M.D. Pa. filed July 12, 2009) [hereinafter Case No. 1330], Doc. 42; U.S.

Commodity and Futures Trading Commission v. Healy, Civ. A. No. 1:09-CV-1331 (M.D. Pa filed July 12, 2009) [hereinafter Case No. 1331], Doc. 37), filed by the court-appointed receiver, Melanie E. Damian, Esq. (the "receiver"), and upon further consideration of defendant's opposition (Case No. 1330, Doc. 54; Case No. 1331, Doc. 48) to the receiver's motion, and it appearing that the receiver seeks the identity and location of bank accounts of defendant Sean Nathan Healy and relief defendant Shalese Rania Healy, pursuant to Rules 37 and 45(d)(2)(A) of the Federal Rules of Civil Procedure, Rule 26.3 of the Local Rules of the court, and the court's temporary restraining orders ("TROs") and preliminary injunctions (see Case No. 1330, Doc. 12, 21; Case No. 1331, Doc. 14, 19),[1] and it further appearing that Cash, the Healys' bodyguard, refuses to divulge the identity and location of at least one bank account of the Healys of which he has knowledge, on the basis that this information constitutes privileged work product because he "collected [it] while working as an investigator on behalf of [Sean Nathan] Healy's criminal counsel," and it further appearing that the receiver contends that the disclosure of such information is necessary for administration of the estate of Sean Nathan Healy (the "estate"), and

---

[1] Both of the TROs indicated that the circumstances of the case justified appointment of a receiver to marshal and preserve all assets of the defendant and at least some assets of the relief defendants. (See Case No. 1330, Doc. 12 at 18; Case No. 1331, Doc. 14 at 3.) In both cases, the court explicitly ordered the receiver to take custody, control, and possession of assets. (See Case No. 1330, Doc. 12 at 20, 24-26; Case No. 1331, Doc. 14 at 6.) The preliminary injunctions extended the TROs and converted them to preliminary injunctions in virtually all respects, with certain modifications not relevant here. (See Case No. 1330, Doc. 21 at 3-4; Case No. 1331, Doc. 19 at 8.) The receiver seeks the identity and location of the bank accounts in question in order to carry out these directives.

that an exception to the work product doctrine applies to the information at issue, and the court concluding that the information at issue is work product,[2] but that an exception applies under Rule 26(b)(3)(A),[3] because the receiver has shown

---

[2] The receiver does not dispute defendant's assertion that the qualified privilege for work product covers the information at issue, nor does the receiver contend that defendant or his attorney waived the privilege. (See Case No. 1330, Doc. 42 at 6-7, Doc. 59; Case No. 1331, Doc. 37 at 6-7, Doc. 53.)

[3] Rule 26(b)(3)(A) provides, in pertinent part, that materials "prepared in anticipation of litigation . . . by or for another party" are not generally discoverable, but they "may be discovered if . . . the [requesting] party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." FED. R. CIV. P. 26(b)(3)(A).

Defendant contends that Rule 26(b)(3)(A) does not apply to the receiver because she is not a "party." (Case No. 1330, Doc. 54 at 9-10; Case No. 1331, Doc. 48 at 9-10.) The court disagrees. Defendant failed to present any case law or authority that directly supported such a position. The defendant's citation to a Supreme Court holding that "[a] receiver is an indifferent person between parties" and that a receiver "is appointed on behalf of all parties," see Booth v. Clark, 58 U.S. 322, 330 (1854), does not persuade the court that a receiver cannot invoke Rule 26(b)(3)(A). All of the Federal Rules of Civil Procedure govern actions involving receivers. FED. R. CIV. P. 66. Indeed, defendant does not contend that the receiver is unauthorized to move the court for an order compelling disclosure pursuant to Rule 37. See FED. R. CIV. P. 37 ("[A] party may move for an order compelling disclosure or discovery.")

Defendant also claims that Cash received instructions that encompassed the mental impressions of Healy's counsel and argues that the receiver must therefore make "a showing of rare and exceptional circumstances" in order to compel disclosure. (Case No. 1330, Doc. 54 at 10-12; Case No. 1331, Doc. 48 at 10-12.) Again, the court cannot agree. Even if defendant's contention regarding mental impressions is true, that fact does not transform the underlying information—specifically, the identity and location of a bank account—into a mental impression. The receiver seeks disclosure of a fact, not of "core" or "opinion" work product; therefore, "a showing of rare and exceptional circumstances" is not required.

substantial need for the information at issue,[4] it is hereby ORDERED that the receiver's motion (Case No. 1330, Doc. 42; Case No. 1331, Doc. 37) is GRANTED as follows: Cash must reappear before the receiver for deposition and to testify under oath as to the identity and location of all bank accounts of the Healys of which he is aware.

      S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[4] The court finds that, pursuant to Rule 26(b)(3)(A), the information at issue is discoverable. The receiver has satisfied the required showing that a "substantial need" exists and that she cannot, without undue hardship, obtain equivalent information by other means. See FED. R. CIV. P. 26(b)(3)(A)(ii). The receiver asserts that she has "the substantial need to comply with the Court's TROs and Preliminary Injunctions which order her to marshal and preserve the Estate assets and ensure the orderly administration of the estate." (Case No. 1330, Doc. 42 at 7; Case No. 1331, Doc. 37 at 7.) She adds, "[i]t is imperative to complete this task that the receiver have all information regarding bank accounts of the Healys necessary to locate them, . . . and demand the turnover of any account balances. Otherwise, valuable Estate assets could be dissipated or otherwise disposed of to the detriment of the investors who Defendants defrauded." (Case No. 1330, Doc. 42 at 7; Case No. 1331, Doc. 37 at 7.) The court agrees that the receiver has a "substantial need" for the information required, because she cannot fulfill her court-ordered task without it. Further, the court finds that other means of obtaining equivalent information—for instance, through forensic accounting—would entail a sufficiently high expense as to constitute undue hardship. See In re Int'l Sys. & Controls Corp. Sec. Litig., 693 F.2d 1235, 1241 (5th Cir. 1982) ("Another element that the district court may consider in determining undue hardship is expense.")