# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **U.S. SECURITIES AND EXCHANGE COMMISSION,** : <br> **Plaintiff** : <br> : <br> v. : <br> : <br> **SEAN NATHAN HEALY,** : <br> **Defendant** : <br> : <br> and : <br> : <br> **SHALESE RANIA HEALY and** : <br> **SAND DOLLAR INVESTING** : <br> **PARTNERS, LLC,** : <br> **Relief Defendants** : | **CIVIL ACTION NO. 1:09-CV-1330** <br><br> **(Judge Conner)** |
| **U.S. COMMODITY AND FUTURES TRADING COMMISSION,** : <br> **Plaintiff** : <br> : <br> v. : <br> : <br> **SEAN NATHAN HEALY,** : <br> **Defendant** : <br> : <br> and : <br> : <br> **SHALESE RANIA HEALY and** : <br> **SAND DOLLAR INVESTING** : <br> **PARTNERS, LLC,** : <br> **Relief Defendants** : | **CIVIL ACTION NO. 1:09-CV-1331** <br><br> **(Judge Conner)** |

## ORDER

AND NOW, this 25th day of November, 2009, upon consideration of the motion for an order providing the receiver with sole possession of the Riviera Manor Property (<u>U.S. Securities and Exchange Commission v. Healy</u>, Civ. A. No. 1:09-CV-1330 (M.D. Pa. filed July 12, 2009) [hereinafter Case No. 1330], Doc. 39; <u>U.S.</u>

Commodity and Futures Trading Commission v. Healy, Civ. A. No. 1:09-CV-1331 (M.D. Pa filed July 12, 2009) [hereinafter Case No. 1331], Doc. 34), filed by the court-appointed receiver, Melanie E. Damian, Esq. (the "receiver"), and the order of court (Case No. 1330, Doc. 63; Case No. 1331, Doc. 57) dated October 21, 2009, authorizing the receiver to take exclusive possession of the property located at 2672 Riviera Manor, Weston, Florida (the "property" or the "residence"), and the supplemental briefing regarding the items inside the residence over which the receiver seeks possession, and upon further consideration of the telephone conference of November 24, 2009 regarding the Healy family's request for immediate access to the property and for additional time to occupy the property, it is hereby ORDERED that:

1. The Healy family shall have immediate access to the property and shall be permitted to occupy it until 12:00 p.m. on December 4, 2009.

2. Counsel shall meet and confer and attempt to reach an agreement regarding the following issues:

   a. distinguishing items of personal property (with a fair market value less than $5,000.00) that constitute recoverable assets, to which the receiver is entitled to possession, from personal property (with a fair market value less than $5,000.00) that the Healy family shall be permitted to retain in their possession,

   b. establishing a procedure to resolve disputes over items falling within the ambit of subparagraph 2.a., and

   c. resolving any logistical issues associated with the removal of any personal property from the residence.

   The right of the Healy family to occupy the property shall be subject to the agreement of counsel regarding these issues.

3. At 12:00 p.m. on December 4, 2009, the receiver is authorized to take exclusive possession of the property and its contents.

4. All provisions of the court's preliminary injunctions (Case No. 1330, Doc. 21; Case No. 1331, Doc. 19) and applicable provisions of the court's TROs (Case No. 1330, Doc. 12; Case No. 1331, Doc. 14) remain in effect, except as modified herein.

        S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge