# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **U.S. SECURITIES AND EXCHANGE COMMISSION,** | : | **CIVIL ACTION NO. 1:09-CV-1330** |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **SEAN NATHAN HEALY,** | : | |
| Defendant | : | |
| and | : | |
| **SHALESE RANIA HEALY and SAND DOLLAR INVESTING PARTNERS, LLC,** | : | |
| Relief Defendants | : | |

-------------------------------------------------------------------------

| | | |
|---|---|---|
| **U.S. COMMODITY AND FUTURES TRADING COMMISSION,** | : | **CIVIL ACTION NO. 1:09-CV-1331** |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **SEAN NATHAN HEALY,** | : | |
| Defendant | : | |
| and | : | |
| **SHALESE RANIA HEALY and SAND DOLLAR INVESTING PARTNERS, LLC,** | : | |
| Relief Defendants | : | |

## **ORDER**

AND NOW, this 11th day of December, 2009, upon consideration of the motion for an order establishing bidding procedures and approving the sale of vehicles (U.S. Securities and Exchange Commission v. Healy, Civ. A. No. 1:09-CV-1330 (M.D. Pa. filed July 12, 2009) [hereinafter Case No. 1330], Doc. 48; U.S.

Commodity and Futures Trading Commission v. Healy, Civ. A. No. 1:09-CV-1331 (M.D. Pa filed July 12, 2009) [hereinafter Case No. 1331], Doc. 44), filed by the court-appointed receiver, Melanie E. Damian, Esq. (the "receiver"), and upon further consideration of defendant and relief defendants' opposition (Case No. 1330, Doc. 58; Case No. 1331, Doc. 52) to the receiver's motion, and it appearing that the receiver "seeks to sell the vehicles in an efficient and expedient manner in order to maximize the proceeds of the Vehicle sales and to preserve the resources of the receivership estate,"[1] (Case No. 1330, Doc. 50 at 7; Case No. 1331, Doc. 45 at 7), and that the receiver contends that the vehicles at issue are being stored, insured, and

---

[1] The receiver asserts authority to sell the vehicles pursuant to the court's temporary restraining orders ("TROs") and preliminary injunctions, which authorize her to take possession of defendant's personal property. (See Case No. 1330, Doc. 12, 21; Case No. 1331, Doc. 14, 19.) In addition, one of the court's TROs authorized the receiver to sell "all Receivership Property," subject to the court's approval. (See Case No. 1330, Doc. 12 at ¶ 25.) The court later extended the TROs and converted them to preliminary injunctions in virtually all respects, with certain modifications not relevant here. (See Case No. 1330, Doc. 21 at 3-4.)
    Defendant and relief defendants argue that the receiver's purpose is to preserve assets against dissolution, and that the purpose of the court's preliminary injunctions is merely to preserve the status quo. They contend that, at this stage in the litigation, the court should not permit the receiver to sell the vehicles. However, the court notes that it explicitly contemplated the sale of receivership property when it appointed the receiver and issued the TRO, which was later converted to the preliminary injunction, and it gave no indication that such a sale could not occur prior to a determination on the merits in plaintiffs' favor. Therefore, the court is not persuaded that permitting the sale of the vehicles at issue at this time would expand the purpose of the receiver's appointment or the purpose of the preliminary injunction.
    Defendant and relief defendants also assert that the receiver "has been maintaining the cars . . . as she allegedly found them; she has clearly been able to maintain the status quo . . . ." (Case No. 1330, Doc. 58 at 5; Case No. 1331, Doc. 52 at 5.) The court cannot agree that preserving the condition of the vehicles is synonymous with preserving the status quo, because the costs that accompany storing, insuring, and maintaining the vehicles deplete the estate's assets.

maintained at the expense of the estate of Sean Healy and of certain assets of relief defendants ("the estate"), and that the vehicles depreciate in value at a rapid rate, and it further appearing that the receiver has proposed bidding procedures for the sale of the vehicles, and that defendant and relief defendants do not present any objections to method by which the receiver proposes to sell the vehicles,[2] and the court concluding that the prompt[3] sale of the vehicles will benefit the estate, it is hereby ORDERED that:

1. The motion (Case No. 1330, Doc. 48; Case No. 1331, Doc. 44) is GRANTED.[4]

---

[2] The arguments raised by defendant and relief defendants all pertain to the propriety of the proposed sale, not the proposed procedures.

[3] Asserting that the costs associated with maintaining the vehicles and the vehicles' ongoing depreciation deplete the assets of the estate, the receiver claims that she "has an imminent need to sell the vehicles." (Case No. 1330, Doc. 48 at 2; Case No. 1331, Doc. 44 at 2.) Defendant and relief defendants invite the court to reject the receiver's argument, but the court declines to do so. Even if the court assumes the truth of their contention that the receiver could maintain the vehicles at a lower cost, it would not be possible for the receiver to maintain them at no cost; hence, depletion of the assets of the estate would, in any event, continue for as long as the receiver maintained the vehicles. Defendant and relief defendants also dispute that the vehicles "would materially depreciate to the point that there would be a negative impact" on the estate during the time that it takes to reach a resolution of the case on the merits. (Case No. 1330, Doc. 58 at 8; Case No. 1331, Doc. 52 at 8.) However, they do not come forward with any evidence refuting the testimony of Anthony Cipriano, an exotic car specialist, that "[t]hese cars depreciate daily . . . and especially these exotics." (Case No. 1330, Doc. 65, Ex. A at 50:21-23; Case No. 1331, Doc. 59, Ex. A at 50:21-23.) Thus, the court is not persuaded that the vehicles' depreciation is likely to be insubstantial.

[4] The terms "vehicle(s)," "successful bidder(s)," "qualified bidder(s)," and "reserve price" shall have the meaning ascribed to them in the motion. (Case No. 1330, Doc. 48; Case No. 1331, Doc. 44)

    a.    The proposed bidding procedures contained in the motion (Case No. 1330, Doc. 48; Case No. 1331, Doc. 44) and in the receiver's reply brief (Case No. 1330, Doc. 65 at n.2; Case No. 1331, Doc. 59 at n.2) are approved.

    b.    The sale of the vehicles in accordance with the terms and conditions of the Vehicle Sales Agreement (Case No. 1330, Doc. 48, Ex. C; Case No. 1331, Doc. 44, Ex. C) to the highest and best offeror as determined in the sole discretion of the receiver is approved.

    c.    The receiver is authorized to enter into and execute the Vehicle Sales Agreement (Case No. 1330, Doc. 48, Ex. C; Case No. 1331, Doc. 44, Ex. C) and all related title documents required to effectuate the sale of each vehicle.

    d.    The sale of each vehicle to the successful bidder(s), as determined in the sole discretion of the receiver, is approved without further order of this court.

    e.    The successful bidder which closes the sale of each vehicle is granted title to such vehicle(s) free and clear of all liens, claims, encumbrances, and interests.

    f.    The defendant and relief defendants are each ordered to execute any and all documents necessary to consummate the sale of each of the vehicles.

    g.    If no qualified bidder submits a bid equal to or greater than the reserve price of a particular vehicle, then that vehicle will not be sold at the auction proposed in the motion, and, thereafter, the receiver may continue to market such vehicle and sell it to any purchaser who will pay an amount equal to or greater than the reserve price set at the auction, as acceptable to the receiver.

2. All provisions of the court's preliminary injunctions (Case No. 1330, Doc. 21; Case No. 1331, Doc. 19) and applicable provisions of the court's TROs (Case No. 1330, Doc. 12; Case No. 1331, Doc. 14) remain in effect.

                                                              S/ Christopher C. Conner  
                                                              CHRISTOPHER C. CONNER  
                                                              United States District Judge