# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **U.S. SECURITIES AND EXCHANGE COMMISSION,** : | CIVIL ACTION NO. 1:09-CV-1330 |
| : | |
| : | **(Judge Conner)** |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **SEAN NATHAN HEALY,** : | |
| : | |
| **Defendant** : | |
| : | |
| and : | |
| : | |
| **SHALESE HEALY and** : | |
| **SAND DOLLAR INVESTING** : | |
| **PARTNERS, LLC,** : | |
| : | |
| **Relief Defendants** : | |

## JUDGMENT AS TO DEFENDANT
## SEAN NATHAN HEALY

The Securities and Exchange Commission ("Commission"), having filed and served a Complaint and Defendant Sean Nathan Healy ("Defendant") having: (i) answered the Complaint; (ii) entered a general appearance; (iii) consented to the Court's jurisdiction over Defendant and the subject matter of this action; (iv) consented to entry of this Judgment; (v) waived findings of fact and conclusions of law, and any right to appeal from this Judgment; and (vi) admitted the allegations in the Complaint:

I.

The Court finds that the Defendant, pursuant to the Consent of Defendant Sean Nathan Healy filed with the Court ("Consent"), has waived all legal and equitable right, title, and interest in the property and assets in the receivership estate in this matter, including the property identified in Exhibit A of the Consent.

Therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant has no legal or equitable right, title, or interest in the property and assets of the receivership estate in this matter, including the property identified in Exhibit A of the Consent, and no proceeds from the sale of such assets shall be paid over to the Defendant or the Relief Defendants.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)  to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that upon motion of the Commission, Defendant shall provide an accounting for the receipt and disposition of all investor funds.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from June 1, 2008, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) the allegations of the Complaint shall be accepted and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of

the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant is incorporated herein with the same force and effect as if fully set forth herein, that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall comply with all administrative orders issued by the Commission as to him, including any order issued pursuant to Section 15(b) of the Securities Act [15 U.S.C. § 78o(b)] barring Defendant from association with any broker or dealer and any order issued pursuant to Section 203(f) of the Investment Advisers Act of 1940 [15 U.S.C. § 80b-3(f)] baring the defendant from association with any investment adviser.

VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction over this action for all purposes, including implementing and enforcing the terms of this Judgment and all other orders and decrees which have been or may be entered in this case, and granting such other relief as the Court may deem necessary and just.

5

IX.

There being no just reason for delay, the Clerk of the Court is hereby directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Judgment.

S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge

Dated: April 15, 2010